Honorable Bradley W. Anderson Skamania County Prosecuting Attorney PO Box 790 Stevenson, WA 98648
Dear Mr. Anderson:
By letter previously acknowledged, you have requested our opinion on the following paraphrased questions:
 1. When a board of freeholders drafts and submits a proposed county charter, can any party other than the freeholders propose an alternative charter or alternative article to be submitted to the voters along with the charter proposed by the freeholders?
 2. If you conclude that someone other than the board of freeholders can submit alternative proposals, then a number of additional questions follow. First, how would these alternative proposals be submitted? Second, what would be the deadline for submitting alternatives? Third, if alternatives are permitted, how should the ballot be formatted? Fourth, how should votes be tallied?
 BRIEF ANSWER
We answer your first question by concluding that only the board of freeholders can propose an alternative charter or an alternative article for a proposed charter. Having responded to your first question in this way, it is unnecessary to address your second question. [1]
ANALYSIS
 1. When a board of freeholders drafts and submits a proposed county charter, can any party other than the freeholders propose an alternative charter or alternative article to be submitted to the voters along with the charter proposed by the freeholders?
The state constitution provides that the Legislature shall establish a uniform system of county government throughout the state. Const. art. XI, § 4. It also provides the people of each county with the ability to opt out of that uniform system by adopting their own "Home Rule" charter. Id. Your question concerns the process by which a proposed charter can be presented to the voters in a manner that allows them to choose from among alternatives.
Three provisions of the state constitution provide for local charters. Article XI, section 4 provides for the adoption of county Home Rule charters. Article XI, section 16 provides for the adoption of consolidated city-county charters in terms that vary somewhat from those set forth in section 4.[2] Some cities may also adopt charters pursuant to article XI, section 10. We understand your question to relate only to county charters proposed under section 4 and therefore limit our analysis to that section of the constitution. Because of its length, we attach a copy of section 4 rather than quoting it in the body of this opinion.
A brief summary of section 4 is necessary for this analysis. Its first paragraph states that the Legislature shall provide for a uniform system of county government throughout the state with a local option for organization on the basis of township. Const. art. XI, § 4.
The language most applicable to your question appears in the second paragraph of section 4. That paragraph begins by stating that a county may, at its option, "frame a `Home Rule' charter for its own government subject to the Constitution and laws of this state". Id. It explains that the county legislative authority can begin the process of drafting and proposing a charter by causing an election to be held for a board of freeholders. The freeholders, numbering between 15 and 25 qualified electors who have lived in the county for at least five years, must convene within 30 days after they have been elected to begin drafting a proposed county charter. After they have completed their proposed charter, it shall be submitted to the voters of the county. If a majority approves it, the charter is adopted. After it has been adopted, "[s]uch charter may be amended by proposals therefor submitted by the legislative authority of said county to the electors thereof at any general election . . . and ratified by a majority of the qualified electors voting thereon." Id.
The second paragraph concludes by providing the following: "In submitting any such charter or amendment thereto, any alternate article or proposition may be presented for the choice of the voters and may be voted on separately without prejudice to others." Id. Since this sentence does not explain who would propose such an alternative, you inquire as to whether anyone other than the board of freeholders can propose one.[3]
Consideration of the role played by the board of freeholders dictates the conclusion that they are the sole body that can propose an alternative to a proposed charter or article. The deliberative process afforded by the freeholders is a key component of the constitutional structure surrounding the proposal of a charter. The freeholders can consider competing ideas and synthesize them into a document that can be more readily presented to the voters. If any alternative idea could simply be presented directly on the ballot, without the orderly mechanism of the board, then chaos would become the hallmark of the process. SeeFord v. Logan, 79 Wn.2d 147, 157, 483 P.2d 1247 (1971) (recognizing that the constitution has assigned to the freeholders the task of formulating charter proposals for consideration by the voters).
At no point does section 4 mention anybody other than the freeholders in the context of proposing a new charter or alternatives to the freeholders' proposal. Additionally, when the voters approved the current language of section 4 in 1948 (as Amendment 21), the argument in favor of the amendment observed that charters were to be written by citizens elected for that purpose. Voters Pamphlet 32 (1948). We see no support, either in the text of the constitution or in the purpose of its provisions, for the contention that another party could formulate proposals outside the constitutionally-established deliberative process by proposing an alternative when it comes time to present the charter to the voters. Ford, 79 Wn.2d at 157.
The context of the sentence permitting alternatives provides additional support for our analysis. A constitutional provision must be read in its entirety to give effect to its entire text.See Farris v. Munro, 99 Wn.2d 326, 333, 662 P.2d 821 (1983). "The text necessarily includes the words themselves, their grammatical relationship to one another, as well as their context." Malyon v. Pierce Cy., 131 Wn.2d 779, 799, 935 P.2d 1272 (1997).
The sentence in question provides the option of presenting a charter or amendment along with an alternative. It appears at the end of a paragraph in the constitution that says a county can adopt a Home Rule charter by electing freeholders. It then goes on to explain the role of the freeholders in drafting and proposing a charter and sets forth the procedure for conducting an election for voter approval or rejection of the charter. The same paragraph then explains that after a charter is enacted, it may be amended through proposals referred to the ballot by the county legislative authority. Only after providing an amendment process does the constitution mention alternative proposals. Const. art. XI, § 4 (second paragraph).
The sentence providing for alternative proposals clearly encompasses both the initial approval or rejection of the charter by the voters and the voters' approval or rejection of a subsequent amendment. The freeholders draft the original proposal, while the county legislative authority can later propose amendments to a charter that has already been adopted. Id. It is therefore not surprising that the sentence does not state who proposes an alternative, because the sentence covers both situations. In context, it seems plain that the freeholders would propose an alternative to a proposed charter, while an alternative to an amendment would originate with the legislative authority.
Finally, the words chosen in framing this provision support this conclusion. The constitution provides the following: "In submitting any such charter or amendment thereto, any alternate article or proposition may be presented for the choice of the voters and may be voted on separately without prejudice to others." Const. art. XI, § 4 (emphasis added). The word "such" can only reasonably be construed as referring back to the proposed charter described earlier in the paragraph, drafted by the freeholders. Black's Law Dictionary 1432 (6th ed. 1990) (defining "such" as referring to that which has already been mentioned).
For these reasons, we answer your first question by concluding that only the board of freeholders can propose an alternative to a proposed charter or an alternative article or proposition for a proposed charter.
Your second question, repeated for ease of reference, inquired:
 2. If you conclude that someone other than the board of freeholders can submit alternative proposals, then a number of additional questions follow. First, how would these alternative proposals be submitted? Second, what would be the deadline for submitting alternatives? Third, if alternatives are permitted, how should the ballot be formatted? Fourth, how should votes be tallied?
Our answer to your first question makes it unnecessary to respond to your second question.
We trust that this analysis will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JEFFREY T. EVEN Assistant Attorney General